*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0347p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

SCOTT M. SMITH,

                *Petitioner-Appellant,*

    *v.*

                  No. 04-4280

STATE OF OHIO DEPARTMENT OF REHABILITATION
AND CORRECTIONS,

                *Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 02-00690—Lesley Brooks Wells, District Judge.

Submitted: April 20, 2006

Decided and Filed: September 8, 2006

Before: MOORE, GRIFFIN, and CUDAHY, Circuit Judges.[*]

———————

**COUNSEL**

**ON BRIEF:** Stuart A. Cole, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for
Appellee. Scott M. Smith, Mansfield, Ohio, pro se.

———————

**OPINION**

———————

    KAREN NELSON MOORE, Circuit Judge. Petitioner-Appellant Scott M. Smith filed a
petition for habeas corpus raising claims of double jeopardy and insufficient evidence. The district
court denied Smith's petition on the ground that Smith could have pursued further remedies through
the Ohio courts but lost that opportunity by failing to comply with the state procedural rules
regarding the timing of filing an appeal to the Ohio Supreme Court. The district court rejected
Smith's argument that his procedural default should be excused because of the ineffective assistance
of his appellate counsel — namely, his counsel's failure to provide him with timely notification of
the judgment of the Ohio Court of Appeals — on the basis that Smith had no right to counsel before
the Ohio Supreme Court. We disagree and instead conclude that the failure of Smith's counsel to
provide Smith with timely notice of the decision of the Ohio Court of Appeals related to the

———————

[*]The Honorable Richard D. Cudahy, Circuit Judge of the United States Court of Appeals for the Seventh
Circuit, sitting by designation.

1

representation on direct appeal of right at the Ohio Court of Appeals, a proceeding during which Smith had a right to counsel, and that counsel's performance was constitutionally deficient. Nevertheless, we **AFFIRM** the dismissal of Smith's habeas petition on the ground that Smith cannot rely on ineffective assistance of counsel to overcome the procedural default of his claims because he has not shown that he would have timely appealed the decision of the Ohio Court of Appeals but for his counsel's deficient performance, and thus he cannot show that he was prejudiced thereby.

## I. BACKGROUND

On May 17, 1999, a jury in the Court of Common Pleas in Lorain County, Ohio convicted Smith of engaging in a pattern of corrupt activity with a firearm specification, conspiracy to commit aggravated robbery with a firearm specification, carrying a concealed weapon, receiving stolen property with a firearm specification, and possession of criminal tools with a firearm specification, in violation of Ohio law. J.A. at 42 (J. Entry of Conviction & Sentence). Smith was sentenced to fourteen years of imprisonment, which was to run consecutively to Smith's ninety-three month federal sentence for conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). J.A. at 45 (J. Entry of Conviction & Sentence), 47 (J. in a Criminal Case at 1).

On December 17, 1999, Smith appealed his conviction to the Ohio Court of Appeals for the Ninth District. J.A. at 51 (Appellant Br.). He alleged that his convictions under both state and federal law for the same conduct violated the prohibition against double jeopardy in the U.S. and Ohio Constitutions, U.S. CONST. amend. V; OHIO CONST. § 1.10, and that there was insufficient evidence to link him to the two bank robberies that were part of count one of the indictment, which alleged that Smith engaged in a pattern of corrupt activity. J.A. at 58-59 (Appellant Br. at 5-6). On June 28, 2000, the Ohio Court of Appeals affirmed Smith's conviction. J.A. at 91-96. According to Smith, he did not receive notice of the decision of the Court of Appeals until either August 9 or 11, 2000. J.A. at 99 (Smith's Motion for Delayed Appeal at 1), 112 (Smith Aff. ¶ 15), 144 (Smith's Motion to Reopen at 9). Smith did not appeal this judgment by August 14, 2000, the last day he could have done so by right within the forty-five day period set forth by Ohio Supreme Court Rules.[1] Smith then submitted a motion for delayed appeal to the Ohio Supreme Court pursuant to Ohio Supreme Court Rule II § 2(A)(4)(a) on February 28, 2001. J.A. at 98-102. The Ohio Supreme Court denied his motion. J.A. at 135. On February 13, 2001, Smith filed a motion to reopen his appeal to raise a claim of ineffective assistance of appellate counsel pursuant to Ohio Appellate Rule 26(B). J.A. at 136. The Ohio Court of Appeals denied this motion for untimeliness. J.A. at 233-34. The Ohio Supreme Court denied Smith's appeal of this judgment. J.A. at 285. Smith argued that his delay in appealing his claims to the Ohio Supreme Court and in filing his motion to reopen in the Ohio Court of Appeals were both due to his attorney's delay in providing him notice of the Ohio Court of Appeals decision on direct review, which he contends in his Rule 26(B) motion constituted ineffective assistance of appellate counsel. J.A. at 99-101 (Smith's Motion for Delayed Appeal at 1-3), 144 (Smith's Motion to Reopen at 9).

On April 14, 2002, Smith filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 presenting double jeopardy and insufficient evidence claims. J.A. at 10. Smith also claimed that the Ohio Court of Appeals erred by failing to address his ineffective assistance claim prior to dismissing his motion to reopen and that the Ohio Supreme Court erred by denying his motion for

---

[1] Given that the Ohio Court of Appeals judgment was entered on June 28, 2000, the last day that Smith could have filed a timely notice of appeal was August 14, 2000. *See* OHIO S. CT. R. II § 2(A)(1)(a) (allowing forty-five days for filing notice of appeal); OHIO S. CT. R. XIV § 3(A) (instructing that if the last day of filing falls on a Saturday, Sunday, or legal holiday, the period is extended to the end of the next day that is not a Saturday, Sunday, or legal holiday).

a delayed appeal. J.A. at 11. The district court rejected the magistrate judge's recommendation that Smith's habeas petition should be dismissed as untimely,[2] and instead denied his double jeopardy and insufficient evidence claims on the basis of procedural default and the remainder of his grounds for relief for failure to state cognizable habeas claims. *Smith v. Ohio Dep't of Rehab. & Corr.*, 331 F. Supp. 2d 605, 617, 620-22 (N.D. Ohio 2004). Smith filed this timely appeal.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

### A. Standard of Review

We review de novo the legal conclusions reached by the district court in resolving a habeas petition. *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006). We review the district court's findings of fact for clear error, "but when the district court's decision in a habeas case is based on a transcript from the petitioner's state court trial, and the district court thus makes no credibility determination or other apparent finding of fact, the district court's factual findings are reviewed de novo." *King*, 433 F.3d at 489 (internal quotation marks omitted). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petition cannot be granted as to any claim the state court considered on the merits unless the state court proceedings: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). However, when "as here, the state court did not assess the merits of a claim properly raised in a habeas petition" — Smith's ineffective assistance of counsel claim — "the deference due under AEDPA does not apply." *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003). Rather, "this court reviews questions of law and mixed questions of law and fact de novo." *Id.*

### B. General Contours

A petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his habeas claims by a federal court. The petitioner must first exhaust the remedies available in state court by fairly presenting his federal claims to the state courts; unexhausted claims will not be reviewed by the federal court. *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004); *Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir. 2001). The exhaustion "requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Lott*, 261 F.3d at 608 (internal quotation marks omitted). The federal court will not review claims that were not entertained by the state court either due to the petitioner's failure to raise those claims in the state courts while state remedies were

---

[2]The district court's conclusion that Smith's habeas petition was timely relied on the holding of *White v. Schotten*, 201 F.3d 743, 752-53 (6th Cir. 2000), which has since been overturned by *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (en banc). However, because AEDPA's one-year statute of limitations is not jurisdictional and we are under no duty to raise the issue sua sponte, *Day v. McDonough*, 547 U.S. ---, 126 S. Ct. 1675, 1681, 1684 (2006), we hold that in this case the Department's failure to raise the statute-of-limitations defense on appeal constitutes a forfeiture of the issue, and thus we will not address it. *See Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006) (holding, pursuant to *Day*, that despite the probable untimeliness of the petition, "because neither the statute of limitations nor procedural default constitutes a jurisdictional bar to our review," the court would, "in the interest of judicial economy, proceed to the merits of [the] petition"); *Schiller v. Tower Semiconductor, Ltd.*, 449 F.3d 286, 294 (2d Cir. 2006) (relying on *Day* to hold, in the context of a securities case, that because defendants did not raise the statute-of-limitations defense in their answer, they had forfeited this defense, and the court was under no obligation to consider the timeliness of the complaint sua sponte); *Damian v. Vaughn*, No. 04-56725, 2006 WL 1750009, at *1 n.1 (9th Cir. June 21, 2006) (unpublished memorandum) (concluding that because "*Day* merely permits but does not require courts to dismiss petitions sua sponte," the court was "not precluded from reaching the merits of [the petitioner]'s claim" notwithstanding the petition's untimeliness (citation omitted)).

available *or* when the petitioner's failure to comply with a state procedural rule prevented the state courts from reaching the merits of the claims. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

For noncompliance with a state procedure to serve as a bar to habeas review, the state procedure must satisfy the standards set forth in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). First, there must be a state procedure in place that the petitioner failed to follow. *Id.* Second, the state court must have actually denied consideration of the petitioner's claim on the ground of the state procedural default. *Id.* Third, the state procedural rule must be an "adequate and independent state ground" to preclude habeas review. *Id.* This inquiry "generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." *Id.* A state procedural rule must be "'firmly established and regularly followed'" to constitute an adequate basis for foreclosing habeas review. *Deitz*, 391 F.3d at 808 (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)). A state procedural rule is an independent ground when it does not rely on federal law. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). If these three factors are satisfied, the petitioner can overcome the procedural default by either "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

## C. Procedural Default: Failure to File Timely Notice of Appeal to the Ohio Supreme Court

The district court's blanket assertion "that the denial of an appeal as untimely is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim," *Smith*, 331 F. Supp. 2d at 619, overstates the law of this circuit and is not completely accurate. The determination of whether a state procedure — including a procedure governing the timing of appeals — is adequate requires an application of the *Maupin* factors to the specific state procedure invoked and to the operation of that procedure in practice. *See, e.g.*, *Deitz*, 391 F.3d at 808; *Hutchison v. Bell*, 303 F.3d 720, 737 (6th Cir. 2002); *Maupin*, 785 F.2d at 138. In fact, we have applied such an analysis to hold that a state procedural rule governing the timing of filing an appeal was inadequate to bar federal habeas review of claims that were rejected by the state court as untimely under the rule. *Deitz*, 391 F.3d at 810-11 (holding that the Ohio Court of Appeals denial of petitioner's motion for leave to file a delayed appeal under Ohio Rule of Appellate Procedure 5(A) was not an "adequate" basis to preclude habeas review because that rule leaves the decision as to whether to permit a delayed appeal "solely within the discretion of the appellate court" and thus it is not "firmly established and regularly followed" (internal quotation marks omitted)).

Smith failed to comply with a state procedural rule by not filing his appeal to the Ohio Supreme Court within the period set forth by Ohio Supreme Court Rules, and the Ohio Supreme Court denied his motion for delayed appeal under Ohio Supreme Court Rule II § 2(A)(4)(a).[3] We

---

[3] Although the Ohio Supreme Court did not give any reasons for the denial of Smith's motion for a delayed appeal, given the type of motion at issue and the circumstances surrounding the decision, it is apparent that the grounds were the state procedural bar and not federal law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802-03 (1991). In *Ylst*, the Supreme Court instructed that when a federal court seeks to determine whether a state court's unexplained order rests on the merits of the federal claim, the federal court should look to "clues" such as the "nature of the disposition" and the "surrounding circumstances." *Id.* at 802. When such clues are not available, the court should presume that when "there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Id.* at 803. We need not apply the presumption here, however, because the nature of the motion before the Ohio Supreme Court and the surrounding circumstances make clear that the basis for the Ohio Supreme Court's decision was a state procedural ground. *See id.* at 802-03; *Coleman*, 501 U.S. at 740. First, the decision was on a motion for delayed appeal — a procedural issue — and not a general review. *See Coleman*, 501 U.S. at 740. The rule governing the filing of such motions, Ohio Supreme Court Rule II § 2(A)(4)(a), only requires

have previously held that denial of review on the basis of Rule II § 2(A)(4)(a) is an adequate procedural ground to foreclose federal habeas review. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Therefore, Smith procedurally defaulted his double jeopardy and ineffective assistance claims by failing to file a timely notice of the appeal to the Ohio Supreme Court.

## D. Overcoming Procedural Default on the Ground of Ineffective Assistance of Counsel

Smith asserts that the ineffective assistance of his appellate counsel — namely, his appellate lawyer's failure to notify him promptly of the Ohio Court of Appeals decision denying his claims — serves as cause to overcome the procedural default of his double jeopardy and insufficient evidence claims. Constitutionally ineffective assistance of counsel can serve as cause to overcome procedural default. *Dietz*, 391 F.3d at 809. To demonstrate ineffective assistance of counsel in violation of the Sixth Amendment, U.S. CONST. amend. VI, a defendant must show both that his counsel's performance was deficient, and that his counsel's deficient performance was prejudicial. *Ballard v. United States*, 400 F.3d 404, 407 (6th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance and prejudice elements of *Strickland* are mixed questions of law and fact, and thus we review de novo the district court's conclusions on these issues. *Strickland*, 466 U.S. at 698; *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000).

There can be a constitutional claim of ineffective assistance of counsel only at a stage of the proceedings when there is a right to counsel under the Sixth Amendment. *Coleman*, 501 U.S. at 752. We have recently held that there is no right to counsel for Ohio Appellate Rule 26(B) filings. *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (en banc). However, Smith's claim does not relate to his lawyer's performance regarding the Rule 26(B) motion; rather, he claims that his lawyer's performance regarding her representation of Smith during his direct appeal to the Ohio Court of Appeals was deficient because the attorney failed to provide Smith timely notice of the outcome of the appeal.[4]

---

submission of a motion for delayed appeal setting forth "the date of entry of the judgment being appealed" and "adequate reasons for the delay," as well as a notice of appeal, and *not* a brief supporting the merits of the underlying claims. Moreover, the memorandum in support of jurisdiction, which is required to accompany a claimed appeal of right or a discretionary appeal to the Ohio Supreme Court, is not to be filed until *after* the Ohio Supreme Court grants the motion for delayed appeal. *Id.* § 2(A)(4)(c). Therefore, Rule II § 2(A)(4)(a) does not even appear to contemplate decisions on the merits of the claims raised in the underlying appeal.

Second, the Ohio Supreme Court order held "that the motion for delayed appeal be, and hereby is, denied," and "accordingly, it is further ordered by the Court that this cause be, and hereby is, dismissed." J.A. at 135 (emphasis omitted). This indicates that the Ohio Supreme Court denied the motion to file a delayed appeal involving a state procedure governing the submission of untimely appeals, and dismissed the case on this basis, and did *not* deny the appeal on the merits of the federal claims. *See Ylst*, 501 U.S. at 802. Third, the Ohio Supreme Court's decision did not mention federal law. *See Coleman*, 501 U.S. at 740. Finally, as in *Coleman*, the state's argument relied entirely on a procedural bar, J.A. at 122-28, and Smith's argument relied only on reasons for the delay without mention of the merits of his claims, J.A. at 98-101. *See Ylst*, 501 U.S. at 802; *Coleman*, 501 U.S. at 740. Because the Ohio Supreme Court's decision did not "fairly appear[] to rest primarily on federal law, or to be interwoven with the federal law," the Ohio Supreme Court did not need to state expressly its reliance on a state procedural bar for us to determine that the state procedural ground was the basis for its decision. *Coleman*, 501 U.S. at 735 (internal quotation marks omitted); *see also Ylst*, 501 U.S. at 802.

[4]The Supreme Court's decision in *Coleman v. Thompson* does not foreclose this argument. In that case, Coleman asserted that his attorney's failure to file a timely appeal constituted cause for his procedural default due to his late filing. *Coleman*, 501 U.S. at 752. The Supreme Court rejected this contention, holding that there can be no ineffective assistance of counsel at a stage of the proceeding when there is no right to counsel at that stage. *Id.* In Coleman's case, the proceeding in which the attorney was representing Coleman and from which the attorney failed to appeal was a state postconviction proceeding, to which there is *no* right to counsel. *Id.* at 727, 752. By contrast, Smith's attorney failed to notify him of the Ohio Court of Appeals decision on his direct appeal as of right, a stage at which he *did* have a right to counsel. Therefore, *Coleman* did not address the situation now before us: whether an attorney's

## 1.  Performance

There is no doubt that there is a constitutional right to effective assistance of counsel during a direct appeal as of right, *see, e.g.*, *Smith v. Robbins*, 528 U.S. 259, 275-76 (2000); *Harbison v. Bell*, 408 F.3d 823, 829 (6th Cir. 2005), the stage of the proceedings at which Smith claims that his lawyer failed, and that appellate counsel's duties do not terminate the moment the court of appeals hands down its decision.  "Because a defendant is entitled to effective assistance of counsel on direct appeal, such an individual must be accorded effective assistance of counsel throughout *all* phases of that stage of the criminal proceedings."  *White v. Schotten*, 201 F.3d 743, 752-53 (6th Cir. 2000) (citation omitted), *overruled on other grounds by Lopez*, 426 F.3d at 341.  The court's ultimate decision regarding a particular legal proceeding is *part of that legal proceeding*, and appointed counsel's duties in representing a client during that legal proceeding include the duty of informing her client of the outcome of the proceeding.  *See Paris v. Turner*, No. 97-4129, 1999 WL 357815, at *2-*3 (6th Cir. May 26, 1999) (unpublished opinion) (holding in part that due to counsel's delay in informing defendant of the decision on his first appeal of right and counsel's "fail[ure] to communicate to his client how to proceed with further appeals," it cannot "fairly be said that [the defendant] truly had his first appeal of right"), *cert. denied*, 529 U.S. 1104 (2000).  The Constitution requires "that counsel make objectively reasonable choices," and must do so not only *during* the legal proceeding for which the counsel represents the client, but also *after* the judicial proceeding has concluded in determining whether an appeal should be filed.  *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000).  The Supreme Court has applied this standard to hold that trial counsel has a constitutional duty to consult with clients about filing an appeal after the trial proceedings have concluded "when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  *Id.* at 480 (expecting that lower courts will find that "in the vast majority of cases . . . counsel had a duty to consult with the defendant about an appeal, " *id.* at 481).

"From counsel's function as assistant to the defendant derive the overarching duty to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and *to keep the defendant informed of important developments in the course of the prosecution*."  *Strickland*, 466 U.S. at 688 (emphasis added).  Because the decision regarding whether to "take an appeal" is a "fundamental decision[]" that "the accused has the ultimate authority to make," *Jones v. Barnes*, 463 U.S. 745, 751 (1983), counsel has a duty to inform the accused of the resolution of a proceeding in a timely fashion so that the accused retains his control over the decision to appeal.  Local Rule 9(B) of the Ohio Court of Appeals for the Ninth District, the court that issued the decision at issue, states that "[t]he clerk of court for each county shall mail copies of journal entries, court notices, and the final decision and journal entry to counsel of record for a party to the appeal at the last known business address of counsel as listed in the court of appeals' records."  The only way that Smith could have learned of the unpublished decision of the Ohio Court of Appeals affirming his conviction was if his counsel notified him.  When she failed to do so, Smith was without any means of notice of the decision and thus did not and could not know that the forty-five day deadline for filing a notice of appeal to the Ohio Supreme Court had started to run.  Smith did not learn of the decision until he wrote to his counsel on August 7, 2000, and she mailed him a copy of the decision along with her August 8 letter in response, which he did not

---

conduct that would violate *Strickland*'s deficiency standard constitutes constitutionally deficient performance when the conduct in question relates to representation at a stage of the proceeding when there is a right to counsel.

receive until August 11, 2000,[5] three days before his appeal was due.[6]  Because there was no conceivable benefit to delaying notice to Smith of the Ohio Court of Appeals decision, similar to a counsel's failure to file an appeal after specifically being instructed to do so by her client, the conduct of Smith's counsel "cannot be considered a strategic decision." *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriquez v. United States*, 395 U.S. 327 (1969), and *Peguero v. United States*, 526 U.S. 23, 28 (1999)).  For these reasons, the failure of Smith's counsel to inform Smith of the decision of the Ohio Court of Appeals affirming his conviction within days of the deadline for filing of the appeal cannot be deemed "objectively reasonable," and thus constitutes constitutionally deficient performance.  *See id.* at 479; *Paris*, 1999 WL 357815, at *2-*3 (holding that counsel's delayed notice to his client of a decision of the state appellate court constituted ineffective assistance).

### 2. Prejudice

Ineffective-assistance-of-counsel claims typically allege specific errors that counsel made in the course of a legal proceeding.  *Flores-Ortega*, 528 U.S. at 482.  A defendant can also raise an ineffective assistance claim when "during the judicial proceeding [the defendant] was — either actually or constructively — denied the assistance of counsel altogether." *Id.* at 483.  Because it is presumed that the assistance of counsel is necessary for a reliable adversary process, if the defendant is denied counsel on appeal, the appeal is deemed unfair without requiring any particular demonstration of prejudice. *Id.* at 483-84.  When, as here, a defendant alleges that his counsel's ineffective assistance led "to the forfeiture of a proceeding itself" by denying him the opportunity to appeal and thus to the appeal proceeding itself, prejudice is presumed. *Id.* at 483.  For this presumption to apply, however, the defendant must demonstrate that counsel's deficient performance "actually cause[d] the forfeiture of the defendant's appeal." *Id.* at 484.  In *Roe v. Flores-Ortega*, the Supreme Court held that a defendant claiming that his counsel's failure to consult with him regarding taking an appeal was entitled to the presumption of prejudice if he could "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.*  In determining whether the deficient performance of Smith's counsel caused the forfeiture of Smith's appeal, we apply a modified version of the standard set forth in *Flores-Ortega*: "that there is a reasonable probability that, but for counsel's deficient failure to" notify Smith of the Ohio Court of Appeals decision, Smith "would have timely appealed" to the Ohio Supreme Court. *Id.*  "Evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485.

In assessing whether a defendant such as Smith "would have timely appealed," by considering whether the defendant "promptly expressed a desire to appeal," we apply a rebuttable

---

[5]Although Smith's appellate counsel stated in a letter to Smith that she mailed him a copy of the Court of Appeals decision on July 1, 2000, J.A. at 165, there is no proof that it was sent then or more importantly that Smith received this copy.  The district court found that Smith did not receive notice of the judgment until August 11, 2000, the date given by Smith. *Smith*, 331 F. Supp. 2d at 619.  We will not disturb this factual finding by the district court as no contrary evidence has been presented and thus it was not in clear error.

[6]Although the deadline for filing Smith's appeal was less than a week from the date of his counsel's letter enclosing the Ohio Court of Appeals judgment, Smith's counsel did not inform him of the deadline.  Rather, she merely noted that "there are strict time limitations for any appellate avenues.  Therefore, please keep this in mind when exercising your further appellate rights." J.A. at 166 (Aug. 8, 2000 Evanich Letter to Smith).  Even if Smith's counsel thought a further appeal would be frivolous, which does not seem to be the case, *id.* (stating that Smith's counsel was "disappointed with the Court's decision to affirm the judgment" and "hope[d] that whatever further avenues of appeal which [Smith] pursue[d] [we]re successful"), she remained obligated to give Smith timely notice of the decision so that he could determine whether or not to appeal. *Jones*, 463 U.S. at 751; *see also Smith*, 528 U.S. at 276-78.

presumption that if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal — here, forty-five days — the defendant fails to demonstrate that he or she "would have timely appealed" the decision but for the counsel's deficient failure to notify the defendant of the decision. In the absence of other circumstances hindering the defendant's ability to attempt to appeal the decision within this time frame, allowing a greater amount of time would generally bestow a windfall upon the defendant whose counsel promptly failed to notify the defendant of a decision. Even accepting Smith's assertion and the district court's conclusion that he did not receive notice of the decision of the Ohio Court of Appeals until August 11, 2000, he did not take action to appeal the decision until February 2001, approximately five months after learning of the decision, well beyond the forty-five-day limit allowed under Ohio Supreme Court Rule II § 2(A)(1)(a). For this reason, Smith has failed to establish prejudice as a result of his counsel's failure to notify him of the Ohio Court of Appeals decision denying his claims, and thus he cannot rely on his counsel's ineffective assistance to overcome the procedural default of his double jeopardy and insufficient evidence claims.

Smith also cannot overcome the procedural default on his claims on the basis of a fundamental miscarriage of justice because he has not claimed, nor presented any evidence, that he was "actually innocent." *Lundgren*, 440 F.3d at 764 (internal quotation marks omitted). Therefore, we affirm the dismissal of Smith's habeas petition on the basis of the procedural default of these claims.[7] *See United States v. Buckingham*, 433 F.3d 508, 514 (6th Cir. 2006) (noting that "[w]e may affirm on any grounds supported by the record, even though they may be different from the grounds relied on by the district court" (internal quotation marks omitted)).

### III. CONCLUSION

Although we conclude that the district court erred in holding that Smith could not claim ineffective assistance of counsel based on his counsel's error in failing timely to notify him of the Ohio Court of Appeals decision, we **AFFIRM** the dismissal of Smith's habeas petition on the ground that he has failed to show that he was prejudiced by his counsel's deficient performance, and thus he cannot overcome the procedural default of his habeas claims.

---

[7]We additionally note that by failing to file his motion to reopen in the Ohio Court of Appeals within the time specified by Ohio Rule of Appellate Procedure 26(B), Smith procedurally defaulted his ineffective-assistance-of-appellate-counsel claim. *See Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002) (holding that Rule 26(B) is an adequate procedure under *Maupin*). "A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default." *Dietz*, 391 F.3d at 809 (citing *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000)). The Ohio Court of Appeals denied consideration of Smith's ineffective-assistance-of-appellate-counsel claim based on Smith's failure to raise the claim within the time period specified in Rule 26(B), an adequate and independent state ground. *Monzo*, 281 F.3d at 578. Therefore, even if Smith could have shown prejudice as a result of his counsel's deficient performance to overcome the procedural default of his double jeopardy and insufficient evidence claims, Smith would still have needed to show cause and prejudice to overcome the procedural default of his ineffective-assistance-of-appellate-counsel claim and to proceed on the merits of his habeas petition. *Id.* at 577 (citing *Edwards*, 529 U.S. at 453).