**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0296n.06
Filed: April 27, 2007

**Case Nos. 05-5705/5823**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | ) | |
| MARK W. BRYAN, | ) | |
| | ) | |
| Petitioner-Appellee/ | ) | ON APPEAL FROM THE UNITED |
| Cross-Appellant, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| v. | ) | TENNESSEE AT MEMPHIS |
| | ) | |
| WAYNE BRANDON, Warden, | ) | |
| | ) | |
| Respondent-Appellant/ | ) | |
| Cross-Appellant. | ) | |

Before: BOGGS, Chief Judge and MOORE, Circuit Judge; and SARGUS, District Judge.[*]

SARGUS, District Judge. Pursuant to a 1986 negotiated plea agreement, Petitioner-Appellee Mark Bryan pled guilty to a reduced charge of second degree murder. He was sentenced to 60 years of imprisonment as a result of his classification under Tennessee law as a persistent offender, meaning, for purposes of this case, he had been convicted of two or more felonies within five years of the instant offense. Bryan later filed a petition for a writ of habeas corpus in federal district court challenging the constitutionality of his plea. Bryan asserted that because the three 1983 convictions that supported the persistent-offender designation had since been vacated, his sentence was no longer consistent with Tennessee law and violated the federal constitution. The district court

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

agreed, concluding that the persistent-offender designation was predicated on the vacated 1983 convictions. Because such convictions were vacated, the sentence was subsequently rendered unconstitutional, in violation of the Due Process Clause of the Fourteenth Amendment. The court accordingly granted Bryan's petition for a writ of habeas corpus and vacated his 1986 conviction for second degree murder. On cross-appeal, Bryan contends that the state failed to fulfill the terms of his plea agreement. The district court denied relief on this claim but granted a Certificate of Appealability for review by this court.[1]

For the following reasons, the judgment of district court granting the writ of habeas corpus is affirmed.

## I.

Prior to his 1986 conviction, on which this appeal is based, Bryan had been convicted in August 1983 of three criminal offenses (the "1983 convictions"). Bryan was sentenced to one to five years by the trial judge. Thereafter, on March 29, 1985, Timothy J. Ross was fatally stabbed in Shelby County, Tennessee. Bryan was indicted and charged with the murder, but entered a negotiated plea of guilty for a sixty-year sentence to be served as a Range II "persistent offender." In the document memorializing the negotiated plea agreement, the answer "yes" was circled in response to the statement "The defendant is a PERSISTENT OFFENDER." The form offered two options to support that designation and the word "yes" is circled with respect to the first option: "[t]wo or more prior felony convictions for offenses committed within five (5) years immediately

---

[1]The relief sought on the cross-appeal, based on a breach of the plea agreement would, if granted, be coextensive with the relief ordered by the district court on the due-process claim. Because we affirm the habeas relief granted by the district court, we need not decide the issues raised on cross-appeal.

preceding the commission of the instant offense." Following a hearing, the trial court accepted the plea and sentenced Bryan to sixty years of imprisonment on February 27, 1986. Under Tennessee law, a sentence of sixty years of imprisonment on this charge was authorized only if appellee was a persistent offender.[2]

In August 1988, April 1989, and November 1989, Bryan filed in state court *pro se* petitions for post-conviction relief, which were later consolidated. Bryan asserted that the State breached his plea agreement by sentencing him as a "Class X" felon[3] and that the plea hearing did not comply with the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969), or of state law. Following an evidentiary hearing, the trial court denied relief. In March 1991, the Tennessee Court of Criminal Appeals affirmed. The appellate court found that avoidance of the Class X designation was not a material component of, or an inducement for, the plea agreement, as Bryan argued, but rather the Class X designation was mandated by state law, and no deviation from that designation was permitted. Bryan's application for permission to appeal to the Tennessee Supreme Court was denied in June 1991.

---

[2]According to Tennessee law in effect at the time, a defendant could be a "persistent offender" if he or she had received "[t]wo (2) or more prior felony convictions for offenses the convictions for which occurred within five (5) years immediately preceding the commission of the instant offense." Tenn. Code Ann. § 40-35-106(a)(1)(repealed). Persistent offenders were sentenced within Range II of the state sentencing guidelines. *Id*. § 40-35-106(c). Moreover, Bryan pleaded to second degree murder, a Class A felony. The full, authorized term of imprisonment for a Class A felony is not less than fifteen years nor more than sixty years. Tenn. Code Ann. § 40-35-111(b)(1).

[3]The Class X Felonies Act of 1979, which was repealed by the State of Tennessee in 1989 but applicable to Bryan at the time of his sentencing, dictated that any felony designated as "Class X" would carry a sentence that could not be reduced based on the inmate's post-conviction behavior. It prohibited a reduction in a sentence for "good time" and mandated that a felon serve the entire sentence. Tenn. Code Ann. § 39-1-703 (repealed).

Before the resolution of the 1986 post-conviction proceedings, Bryan filed another post-conviction petition in June 1989 challenging his guilty pleas to the three criminal offenses in 1983. *Bryan v. State of Tenn.*, 848 S.W.2d 72 (Tenn. Crim. App. 1992). Bryan contended that the pleas were not voluntarily, knowingly, and intelligently entered and thus constitutionally defective under *Boykin*. The trial court denied post-conviction relief, but the Tennessee Court of Criminal Appeals reversed and remanded the case to the trial court for a new hearing on the voluntariness of Bryan's 1983 pleas. On remand, the post-conviction court voided the 1983 pleas as having been obtained in violation of his constitutional rights and ordered the 1986 guilty plea be reviewed by the state and set for retrial or resentencing within one year. On appeal in January 1999, the Court of Criminal Appeals affirmed the trial court's post-conviction findings as to the 1983 convictions, but reversed the court's order with regard to the 1986 plea, finding that the trial court had no jurisdiction to entertain a challenge to that conviction. The Court of Criminal Appeals found that Bryan had already sought post-conviction relief on the 1986 guilty plea, and that Tennessee law allows only one petition for post-conviction relief to be filed attacking a single judgment. *See* Tenn. Code Ann. § 40-30-102(c). The court therefore reversed the trial court's order directing a rehearing on the 1986 conviction.

On June 25, 2001, Bryan filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Tennessee challenging the constitutionality of his 1986 plea agreement, the petition at issue here.[4] Bryan's habeas petition raised three claims for relief:

1.      Whether Bryan's 1986 plea negotiation, guilty plea, conviction, and sentence

---

[4]The petition was subsequently transferred to Judge Mays in the United States District Court for the Western District of Tennessee.

as a "persistent offender" violates the Due Process Clause of the Fourteenth Amendment where the sole basis of the "persistent offender" status is the void 1983 convictions;

2.   Whether Bryan's guilty plea and conviction based upon a written negotiated plea agreement, the terms of which were not fulfilled by the State, violates due process; and

3.   Whether the totality of the circumstances of the 1986 guilty-plea proceedings failed to meet the requirements of *Boykin v. Alabama*, 385 U.S. 238 (1969).

The district court entered an order in February 2004 granting the respondent's motion to dismiss Claims Two and Three. In that same order, the district court denied the respondent's motion to dismiss Claim One—Bryan's claim that the 1986 plea and sentence as a persistent offender were based on the vacated 1983 convictions and therefore in violation of due process—as procedurally defaulted.

In March 2005, the district court found with regard to Claim One that "[t]he evidence submitted by Bryan and, in particular, the references to the 1983 convictions in the documents concerning the 1986 guilty plea, are sufficient to permit the Court to conclude that the persistent offender designation was based on the 1983 convictions. Respondent has offered no evidence to the contrary." The court accordingly found that the sentence was not valid under Tennessee law. The district court further found that Supreme Court precedent supported the proposition that a sentence imposed on the basis of invalid prior convictions is unconstitutional. The court therefore held that Bryan's sentence as a persistent offender was constitutionally invalid and granted his petition for a writ of habeas corpus vacating Bryan's 1986 conviction for second degree murder.

On May 2, 2005, respondent filed a timely notice of appeal from the order granting habeas corpus relief on Claim One. Bryan filed a cross-appeal, claiming that the State failed to fulfill the

terms of his plea agreement.

**II.**

**Bryan's Persistent Offender Status**

Bryan asserts that his 1986 plea negotiation, guilty plea, conviction, and sentence as a "persistent offender" violated the Due Process Clause of the Fourteenth Amendment where the sole basis of his "persistent offender" status is his voided 1983 convictions. Respondent asserts that: (1) the district court erred in holding that Bryan did not procedurally default his challenge to his 1986 plea agreement; and (2) the district court erred in concluding that Bryan's sentence was inconsistent with Tennessee law and violated the federal Constitution.

**A.      Procedural Default**

A claim that has not been presented to the state courts and is subsequently barred because of a procedural rule is precluded from federal habeas corpus review, absent a showing of cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 751-53 (1991). Respondent asserts that by limiting his constitutional challenges to his 1986 plea in the state post-conviction proceeding, Bryan procedurally defaulted any claim that his sentence as a persistent offender is unconstitutional.

The district court addressed this issue in two separate orders, first in February 2004 and later in March 2005. In both orders, the district court concluded that Bryan had not procedurally defaulted the issues raised in Claim One. The court acknowledged that Bryan had never filed an application to reopen the post-conviction proceeding as to his 1986 conviction in order to obtain a ruling that his application was barred by the Tennessee law, but ultimately found this did not present a procedural bar.

This court has explained the doctrine of procedural default as follows:

> When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review.

*Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000).

Procedural default arguments are analyzed under this court's three-part test articulated in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under *Maupin*, the court must determine: (1) if there is a state procedural rule that applies and petitioner failed to comply with that rule; (2) if the state court actually enforced the state procedural sanction; and (3) if the state procedural ground is an "adequate and independent" ground to refuse review. *See James v. Brigano*, 470 F.3d 636, 640 (6th Cir. 2006). To be "adequate," a state procedural rule must be "firmly established and regularly followed." *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 430-31 (6th Cir. 2006). An "independent" state procedural rule is one not relying on federal law. *Id.* If these three factors are satisfied (thus imposing the procedural bar), the petitioner can overcome the procedural default by either "demonstrating cause for the procedural default and actual prejudice as a result of the alleged violation of federal law, or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 431 (citing *Coleman*, 501 U.S. at 732).

The district court explicitly referenced *Maupin* and directly applied its three-part test, but also approached the respondent's procedural default argument as one of exhaustion. The district court partially relied on the 28 U.S.C. § 2254(b)(1)(B)(i) exception to the exhaustion requirement in concluding that Bryan's claim was not procedurally defaulted. The court concluded that because of

the changes in the Post-Conviction Procedure Act that occurred while Bryan was attempting to exhaust this claim, his case fits within 28 U.S.C. § 2254(b)(1)(B)(i)'s exception if "there is an absence of available State corrective process."

Effective May 13, 1996, Tennessee law directly prohibited the reopening of closed post-conviction proceedings to litigate claims of this nature. *See* Tenn. Code Ann. §§ 40-30-102(c) (only one post-conviction petition may be filed attacking a single judgment); 40-30-102(b) (exception to one-year statute of limitations does not apply to "a guilty plea with an agreed sentence"); 40-30-117(a)(3) (authorizing the reopening of a post-conviction petition to obtain relief from a sentence that was enhanced because of a previous conviction that was later invalidated, but only if the "conviction in the case in which the claim is asserted is not a guilty plea with an agreed sentence"). The state court also "actually enforced" the state procedural rule, finding that "[b]ecause there was no motion to reopen the post-conviction petition or any post-conviction proceeding before the trial court giving the court jurisdiction to rule on the 1986 guilty plea, the court was utterly without jurisdiction to render any orders concerning the 1986 conviction." (March 15, 2000 Order of Tennessee Court of Criminal Appeals reversing trial court's ruling on 1986 convictions.) In this Order, the Tennessee Court of Criminal Appeals, while affirming the vacation of the 1983 prior felonies, found that § 40-30-102(c) barred any review of the 1986 sentence, since Bryan had already sought and was denied post-conviction relief on matters unrelated to the vacated convictions.

The district court concluded that Bryan's claim was not procedurally defaulted under the third prong of the *Maupin* test because the state procedural ground was not an "adequate and independent" ground to refuse review. The district court did not err in this conclusion. Respondent argues that

Bryan failed to comply with the post-conviction procedures articulated in the Tennessee Supreme Court's decisions in *State v. McClintock*, 732 S.W.2d 268 (Tenn. 1987), and *State v. Prince*, 781 S.W.2d 846 (Tenn. 1989). However, as the district court emphasized, *McClintock* did not require that Bryan, before his 1983 convictions had been invalidated, include a claim challenging the 1986 conviction on the basis that his sentence enhancement was unlawful. Further, *McClintock* did not establish any requirement that Bryan move to consolidate his post-conviction petitions challenging the 1983 and 1986 convictions. Finally, the district court found that "[t]o the extent respondent contends that Bryan's failure to obtain consolidation of the 1983 and 1986 postconviction petitions means that his claim has been procedurally defaulted, the Court is unable to conclude that the procedure set forth in *Prince* was 'firmly established and regularly followed' when both petitions were pending in the Shelby County Criminal Court. (JA at 224 (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)). As a result, the procedural ground was not an "adequate and independent" ground to refuse review and therefore Bryan's claim was not procedurally barred under *Maupin*.

Simply put, the facts on which Bryan's claim is based--the vacation of the three prior felony convictions long after his sentencing as a persistent offender--arose under circumstances where Tennessee law permitted no further effort at post conviction relief. Bryan was barred by Tennessee law from seeking relief in state court. The district court correctly determined that Claim One of Bryan's petition was not procedurally defaulted.

**B.      Merits of Claim One**

A federal court is authorized to issue a writ of habeas corpus on behalf of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a). The district court relied on *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972), for the proposition that a sentence based on invalid prior convictions is unconstitutional. Respondent asserts that the district court's holding that Bryan's sentence is inconsistent with Tennessee law is in error, and even if inconsistent with Tennessee law, the sentence did not violate the federal constitution.

Federal habeas relief is available only if a defendant is in custody in violation of federal law; error in the application of state law is not cognizable in a federal habeas proceeding. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Accordingly, this court must evaluate whether Bryan's sentence as a persistent offender is constitutionally invalid.

Both *Tucker* and *Townsend* support the district court's conclusion that a sentence imposed on the basis of prior felony convictions that have since been found invalid is unconstitutional. As noted by the district court, the *Townsend* Court emphasized that "it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process." *Townsend*, 334 U.S. at 741 (finding that "this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue"). Relying on *Townsend*, the *Tucker* Court granted the petitioner's writ of habeas corpus on finding that the sentencing court erroneously relied upon defendant's three prior felony convictions, two of which were constitutionally invalid. *Tucker*, 404 U.S. at 446-49 (noting that "we deal here,

not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude"). The *Tucker* Court emphasized that "the real question here is . . . whether the sentence . . . might have been different if the sentencing court [had not relied on erroneous information]." *Id.* at 448.

Respondent seeks to distinguish Bryan's situation from those found constitutionally invalid in *Townsend* and *Tucker*. Respondent contends that this court's decision in *Arnett v. Jackson*, 393 F.3d 681 (6th Cir. 2005), characterized the *Townsend* and *Tucker* decisions as "cases which provide the general rule that a violation of due process exists when a sentencing judge relies upon 'erroneous information.'" Respondent asserts that the circumstances found to be constitutionally repugnant in *Townsend* and *Tucker* simply do not exist in this case, because the sentence is actually "based" on the guilty plea rather than any previous information. Respondent's reading of *Townsend* and *Tucker,* however, is flawed. Although the facts of both cases differ somewhat from those at issue here, both cases stand for the proposition that a sentence imposed on the basis of an erroneous prior conviction is constitutionally invalid. It is apparent from the record that Bryan's sentence as a persistent offender was predicated on his invalid 1983 guilty pleas. As a consequence, his sentence is unconstitutional under *Townsend* and *Tucker*.[5]

**III.**

The decision of the district court granting habeas relief on Claim One is **AFFIRMED** in all respects. The petitioner shall be released from custody within fourteen days from the date of this

---

[5]Counsel for both Bryan and Brandon acknowledged during oral argument that, because the sentence was imposed pursuant to a plea agreement, a vacation of the sentence also results in a vacation of the plea.

decision, unless the state prosecutor initiates further legal proceedings regarding the underlying 1986 offense within that time period. In the event the state prosecutor initiates such proceedings, it is left to the state courts of Tennessee to address issues of bail which petitioner has raised in the course of this appeal.