*540 R. GUY COLE, JR., Circuit Judge,
dissenting.
As the majority notes, in determining whether counsel has been ineffective in failing to file an appeal, the first question is whether the attorney actually consulted with his client regarding an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477-78, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). We have held that such consultation must occur after trial proceedings have concluded to satisfy Flores-Ortega. See Smith v. Ohio Dep’t of Rehab. & Corr., 463 F.3d 426, 434 (6th Cir.2006) (“[Tjrial counsel has a constitutional duty to consult with clients about filing an appeal after the trial proceedings have concluded....”); see also United States v. Taylor, 339 F.3d 973, 978 (D.C.Cir.2003) (finding that first step of Flores-Ortega was not satisfied where counsel advised defendant prior to sentencing of his right to appeal but failed to consult with defendant about an appeal after sentence was pronounced). There is good reason to insist, regardless of what communications have occurred previously, that counsel consult with his client after trial proceedings are concluded, as only at this point may a defendant make a fully-informed decision regarding whether to pursue an appeal. In any case, our published decision in Smith is binding on this panel.
While counsel discussed the right to appeal with Shelton before sentencing, there is no question that he failed to do so afterward. Accordingly, under Flores-Ortega, the next question to ask is whether counsel had a constitutional duty to consult with Shelton regarding whether he wanted to appeal his sentence. See 528 U.S. at 478-80, 120 S.Ct. 1029. Neither the magistrate judge nor the district court analyzed this question, however. Nor did either examine whether particular solicitude was required in light of Shelton’s history of mental illness, of which counsel was well aware. Shelton’s mental state seems particularly relevant here given counsel’s admission that Shelton contacted him several weeks after sentencing to inquire about the possibility of an appeal.
In light of the district court’s failure to address these issues, I believe the prudent and proper course is to REVERSE the denial of Shelton’s § 2255 motion and REMAND to the district court for consideration of whether counsel’s performance satisfied the second prong of Flores-Ortega.