*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 04a0426p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RAFAEL DEITZ,

*Petitioner-Appellant,*

*v.*

No. 03-3431

CHRISTINE MONEY,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 02-00641—Donald C. Nugent, District Judge.

Submitted: September 24, 2004

Decided and Filed: December 13, 2004

Before: MERRITT, MOORE, and GILMAN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Alan C. Rossman, Cleveland, Ohio, for Appellant. Bruce D. Horrigan, CORRECTIONS LITIGATION SECTION, Cleveland, Ohio, for Appellee. Francis R. Krajenke, Jr., Cleveland, Ohio, for Amicus Curiae.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. Rafael Deitz filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the constitutionality of his 1997 conviction for drug trafficking. His petition was denied by the district court. The primary issue on appeal is whether Deitz's claim that he was denied the effective assistance of counsel is procedurally defaulted and therefore not reviewable. For the reasons set forth below, we **VACATE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.

## I. BACKGROUND

In May of 1996, a Lorain County, Ohio grand jury returned an 11-count indictment for drug trafficking and related offenses against Deitz, a foreign national from Mexico. He pled guilty to all counts in the indictment on February 11, 1997 and, on the same day, was sentenced to a total term of 22 years to life in prison. Two weeks later, Deitz wrote a letter to his trial counsel, asserting his innocence and seeking to retract his guilty plea. According to his brief, Deitz "wanted to appeal his sentence and the conduct of his counsel." His attorney did not file an appeal. Instead, the attorney filed a motion to modify Deitz's

sentence on March 20, 1997, which was denied by the state trial court for "lack of jurisdiction." More than a year later, Deitz filed a pro se motion to withdraw his guilty plea. The trial court denied his motion on September 18, 1998, finding "little, if any, merit in Defendant's documentation and arguments."

In October of 1998, Deitz, again acting pro se, appealed the lower court's refusal to grant his request. The Ohio Court of Appeals affirmed the lower court's dismissal, noting that "[b]ecause the motion is based upon the alleged violations of [Deitz's] constitutional rights, it is most properly considered as a petition for postconviction relief," and that "[w]hen a direct appeal is not taken from a judgment, a petition for postconviction relief must be filed no later than one hundred eighty days after the time for filing the notice of appeal expires."

Deitz, with new counsel, filed a motion for leave to file a delayed appeal in February of 2001, and also sought to reopen his direct appeal. Both requests were denied by the Ohio Court of Appeals. The Ohio Supreme Court dismissed the case several months later, concluding that it did not involve a substantial constitutional question.

On April 5, 2002, Deitz filed his petition for a writ of habeas corpus. He raised the following four grounds for relief: (1) his trial counsel was ineffective for failing to file a direct appeal; (2) his appellate counsel was ineffective for not raising a winning issue on appeal; (3) the trial court denied him the due process of law by failing to advise him of the potential deportation consequences of his guilty plea, as required by Ohio law; and (4) the Ohio Court of Appeals violated his due process rights by summarily denying his motion for leave to file a delayed appeal.

Based upon the Report and Recommendation of the magistrate judge, who found that all four claims were procedurally defaulted, the district court dismissed the petition. This court then granted Deitz's motion for a certificate of appealability with respect to the following issue: whether Deitz was denied the effective assistance of counsel by his attorney's failure to file a direct appeal. The warden responds by arguing that this issue was not fairly presented to the state court for review on the merits and is therefore procedurally barred.

## II.  ANALYSIS

### A.        Standard of review

This court reviews a district court's conclusions of law de novo, but will not set aside its factual findings unless they are clearly erroneous. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999). The district court's determination regarding procedural default and its resolution of whether "cause and prejudice" exist to excuse the default are also subject to de novo review. *Id.*

### B.        Deitz's claim of ineffective assistance of counsel

A federal court will not address a habeas petitioner's federal constitutional claim unless the petitioner has first fairly presented the claim to the state courts. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Fair presentation of a federal constitutional issue to a state court requires that the issue be raised by direct citation to federal cases employing constitutional analysis or to state cases relying on constitutional analysis in cases with similar fact patterns. *Id.*

A federal court is also barred from hearing issues that could have been raised in the state courts, but were not, and now may not be presented to the state courts due to a procedural defect or waiver. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In order to gain access to a habeas review of a waived claim, a petitioner must demonstrate either (1) cause to excuse the waiver and prejudice to his defense or (2) actual innocence. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

We consider four factors in determining whether a petitioner's claim is precluded by the failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). First, we decide whether there is a firmly established state procedural rule with which the petitioner failed to comply. *Id.*; *see also Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (holding that a state procedural rule that is not "firmly established and regularly followed" cannot serve to bar federal judicial review). Second, we ask whether the state court actually enforced the rule in sanctioning the petitioner's failure to comply. *Maupin*, 785 F.2d at 138; s*ee also Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (holding that where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar). We next consider whether the petitioner's failure to comply with the state procedural rule constitutes an adequate and independent ground for barring federal review. *Maupin*, 785 F.2d at 138; s*ee also Wainright*, 433 U.S. at 86-87 (concluding that, in light of a Florida law requiring that a petitioner's confession be challenged at trial or not at all, the failure to timely object to such an admission amounted to an adequate and independent state ground that precluded review in a habeas proceeding). Finally, we must determine whether the petitioner has demonstrated that there was cause to disregard the procedural rule and whether the petitioner was actually prejudiced by the alleged constitutional error. *Maupin*, 785 F.2d at 138; s*ee also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991) (holding that a procedurally defaulted petitioner must show cause for the default and prejudice as a result of the violation, or the petitioner must demonstrate that failure to consider the claim will result in a miscarriage of justice).

Attorney error does not constitute cause to excuse a procedural default unless counsel's performance was constitutionally deficient. *Strickland v Washington*, 466 U.S. 668 (1984). The *Strickland* standard requires a defendant to show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *Id.* at 688, 694. A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Although an ineffective-assistance-of-counsel claim can itself be procedurally defaulted, the procedural default may be excused "if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim." *Id.* at 453 (emphasis in original).

Dietz filed both a motion to reopen his direct appeal, pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, and a motion for leave to file a delayed appeal, pursuant to Rule 5(A) of the Ohio Rules of Appellate Procedure. Rule 26(B) provides as follows:

> A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from the journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

The Ohio Court of Appeals initially granted Deitz's application to reopen, ruling that he had presented "a genuine issue that counsel was ineffective in his representation of Appellant on appeal." Subsequent to full briefing, however, the court reversed itself and dismissed Deitz's appeal on procedural grounds. The court ruled that it was prevented from considering his arguments because no appeal had initially been filed and thus there was no appeal to reopen, given that the court had denied his request to file a delayed appeal. It did not explain why it had initially granted Deitz's application. In any event, the Ohio Supreme Court has recently held that the reopening of an appeal based on a claim of ineffective assistance of appellate counsel is a collateral postconviction proceeding and not part of the direct appeal process. *Morgan v. Eads*, ___ N.E.2d ___, 2004 WL 2674852 (Ohio Nov. 19, 2004).

The other applicable provision is Rule 5(A), which reads as follows:

> After the expiration of the thirty day period provided by App.R 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which

the appeal is taken in . . . criminal proceedings . . . . A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right.

The Ohio Court of Appeals denied Deitz's motion for leave to file a delayed appeal because he "failed to set forth sufficient reasons for having failed to perfect a timely appeal." Deitz's failure to file a timely appeal presumptively constitutes an adequate and independent ground for barring federal review, unless he can demonstrate cause to disregard the procedural rule and prejudice to his defense.

As cause for his default, Deitz claims ineffective assistance of trial and appellate counsel. Under the *Strickland* standard, the failure of Deitz's attorneys to file a timely appeal on his behalf, despite his purported request that they do so, would fall below an objective standard of reasonableness. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (holding that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think that either (1) a rational defendant would want to appeal or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing). This court has held that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). The *Ludwig* court added that the prejudice component of the *Strickland* analysis is inapplicable because prejudice is presumed:

A lawyer's failure to file a requested appeal at the behest of a defendant is particularly problematic because it does not merely deprive the defendant of effective assistance of counsel, it deprives him of the assistance of counsel altogether. Thus, the failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal.

*Id.*

Despite the potential merit of Deitz's claim of ineffective assistance of counsel, he can establish cause for his procedural default only if the claim itself is not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). We note that *Edwards* itself arose from the Sixth Circuit. In *Edwards*, this court held that the "respondent's ineffective-assistance-of-counsel claim served as 'cause' to excuse the procedural default of his sufficiency-of-the-evidence claim, whether or not the ineffective-assistance claim itself had been procedurally defaulted." *Id.* at 450. The Supreme Court reversed, stating that

the purposes of the exhaustion requirement . . . would be utterly defeated if the prisoner were able to obtain federal habeas review simply by "letting the time run" so that state remedies were no longer available. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had *presented* his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it.

*Id.* at 453 (emphasis in original). The Court added that, on remand, "the Sixth Circuit may conclude . . . that Ohio Rule of Appellate Procedure 26(B) does not constitute an adequate ground to bar federal habeas review of the ineffective-assistance claim." *Id.* at 453.

We need not reach the issue of whether the Ohio Court of Appeals properly rejected Deitz's motion pursuant to Rule 26(B), however, because we conclude that the state court's refusal to allow him to file a delayed appeal under Rule 5(A) does *not* constitute an "adequate" ground to bar habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (holding that a procedural forfeiture must be based on an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim). The district court denied Deitz's motion because he "failed to set forth sufficient reasons for having failed to perfect a timely appeal." But Rule 5(A) does not specify the criteria the courts

should use in determining whether to grant a delayed appeal. Instead, it simply requires that the defendant set forth the reasons for the failure to perfect an appeal of right.

The decision to grant or deny a motion for leave to appeal pursuant to rule 5(A) is therefore solely within the discretion of the appellate court. *State v. Fisher*, 517 N.E.2d 911, 914 (Ohio 1988). A rule that grants such discretion to the courts is not "firmly established and regularly followed" so as to be adequate within the meaning of *Maupin*. *See Hutchison v. Bell*, 303 F.3d 720, 738 (6th Cir. 2002) (ruling that a Tennessee procedure was adequate for purposes of enforcing a procedural bar because "Tennessee's due process exception does not grant unfettered discretion to state courts in applying procedural default rules.").

The Magistrate's Report and Recommendation makes much of the fact that Deitz waited four years before raising the issue of ineffective assistance of counsel in his motion to file a delayed appeal. But Rule 5(A) does not set a time limit for the filing of a delayed appeal. Although some Ohio courts have refused to grant motions for leave to file a delayed appeal because of the undue lapse of time, others have allowed appeals long after the time for filing a direct appeal has expired. *Compare State v. Robinson*, No. 04AP-713, 2004 WL 1945687 (Ohio Ct. App. Sept. 2, 2004) (unpublished) (holding that a three-and-a-half-year delay in filing a motion was unreasonable), *with State v. Simmons*, No. 69238, 1997 WL 83124 (Ohio Ct. App. Feb. 27, 1997) (unpublished) (noting that a motion to file a delayed appeal had been granted in the case more than five years after the defendant pled guilty).

We therefore conclude that Deitz has set forth sufficient reasons for his failure to file a direct appeal. Deitz's memorandum in support of his motion for the filing of a delayed appeal describes in considerable detail his claim of ineffective assistance of counsel and, as noted earlier, an attorney's failure to file a requested appeal constitutes a per se violation of the Sixth Amendment. Given that Dietz's claim of ineffective assistance of counsel is not procedurally defaulted, that he has alleged facts that can establish cause for his failure to file a direct appeal, and that prejudice would be presumed, he is entitled to habeas relief if he can in fact prove that he asked his attorney to file a timely appeal and that the attorney failed to do so.

Both Deitz and the Mexican government, as amicus curiae, have also argued that Deitz's attorney provided ineffective assistance of counsel by failing to raise a number of issues relating to his Mexican citizenship. Specifically, they claim that his attorney should have raised the authorities' failure to (1) provide an interpreter for Deitz during the taking of his plea, (2) advise Deitz of the potential immigration consequences of a guilty plea, which is required by Ohio Rev. Code § 2953.031, and (3) notify Deitz of his right to contact the Mexican consulate, which is required by Article 36 of the Vienna Convention of Consular Relations. On remand, the district court should consider whether the failure of Deitz's attorney to raise these issues deprived him of the effective assistance of counsel, in addition to making its findings as to whether Dietz asked his attorney to file a timely appeal and whether the attorney failed to do so.

We note as a final point that, in sending the case back to the district court to rule on the merits of the ineffective-assistance-of-counsel claim, we are not requiring that the claim first be exhausted in the Ohio state courts. In light of the fact that the state courts have already ruled that they will no longer hear Deitz's appeals or post-conviction petitions, any attempts by Deitz to exhaust his state-court remedies would be futile. Section 2254(b)(1)(B)(i) excuses exhaustion when "there is an absence of available state corrective process." Here, state remedies are no longer available to Deitz, and we have determined that his case is not barred by procedural default. The district court should therefore reach the ineffective-assistance-of-counsel claim on the merits.

## III. CONCLUSION

For all of the reasons set forth above, we **VACATE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.