**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0106n.06
Filed: February 8, 2007

**No. 05-3275**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JEFFREY GRANGER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROBERT HURT, WARDEN, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | EASTERN DIVISION |
| Respondent-Appellee. | ) | |
| | ) | |

Before: KENNEDY and DAUGHTREY, Circuit Judges; ADAMS, District Judge.[*]

ADAMS, J. Appellant Jeffrey Granger appeals the district court's denial of his writ of habeas corpus. He makes two claims in his appeal: (1) that he received ineffective assistance of counsel because his trial counsel failed to consult with him regarding an appeal, and (2) that he was denied his right to appeal by the state appellate court despite following the dictates set forth under Ohio App. R. 5. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**BACKGROUND**

On April 13, 1999, Appellant was found guilty of robbery, theft and abduction. He was

---

[*] The Hon. John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

represented by retained counsel at trial. Appellant was sentenced to serve five years for robbery, two years for abduction, and one year for theft.

The sentence for abduction was to be served consecutive with the robbery sentence and the sentence for theft was to be served concurrently with the other counts, resulting in a total of seven years incarceration.

No direct appeal was filed in the case. On September 14, 1999, Appellant filed a *pro se* Notice of Appeal and a Motion for Leave to File a Delayed Appeal pursuant to Ohio App. R. 5 with the Fourth Appellate District of Ohio. Appellant asserted to the appellate court, as required by rule, his reason for not filing a timely appeal, asserting that retained counsel had failed to file an appeal despite appellant's request that the attorney to do so.

The court expressed its disbelief of this assertion, based on a letter written to Appellant by his trial attorney. The attorney's letter, dated August 4, 1999, was written in response to Appellant's July 27, 1999 letter. It indicated that the attorney had been contacted by Appellant's family regarding filing an appeal in April of that year, but that the attorney had not heard from either Appellant or his family, and thus did not file the notice of appeal. The appellate court also found that Appellant did not assert that he did not know or was not informed of his right to file an appeal. Rather, the court found that Appellant actually stated that he was informed by the trial court of his right to appeal, that he could do so without payment, and if unable to obtain counsel one would be appointed at no cost. Based on these reasons, the appellate court found the Motion for Leave not well-taken and denied

it.

Appellant then sought discretionary review by the Ohio Supreme Court. He asserted the following two propositions of law:

> Unless the record demonstrates that the defendant knowingly, voluntarily and intelligently waived his right to an appeal, the court of appeals must grant a motion for delayed appeal.
>
> The defendant's right to effective assistance of counsel guaranteed under Article I, section[s] 10 and 16 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution is denied when trial counsel fails to file a timely appeal.

(JA at 75) The Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Appellant then filed his habeas petition on May 8, 2001. He raised the following issues:

> **Ground one**: Petitioner was denied the effective assistance of counsel is in violation of the Sixth and Fourteenth amendments to the United States Constitution.
>
> **Supporting FACTS . . .** : Trial counsel failed to perfect a timely appeal behalf of Petitioner Granger.
>
> **Ground two**: Petitioner was denied his right to appeal in violation of the Fifth and Fourteenth Amendments to the United States Constitution.
>
> **Supporting FACTS . . .** : Petitioner did not knowingly, voluntarily and intelligently waive his right to appeal his conviction. When Petitioner learned that his trial attorney had not filed a timely notice of appeal in accordance with Petitioner's wishes, Petitioner sought to file a delayed appeal. Petitioner submitted documents to the state courts establishing his lawyer's failure to properly execute Petitioner's desire to appeal his conviction. Nonetheless, the state courts denied Petitioner his right to appeal.

(JA at 9) (Errors in original.) The petition was referred to the Magistrate Judge for a Report and Recommendation. The Magistrate issued a Report and Recommendation for Appellant to show cause why the matter should not be dismissed due to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). Appellant filed a response to the Show Cause Order. On August 6, 2001, District Judge Marbley adopted the Report and Recommendation and dismissed the petition as barred by the statute of limitations. An appeal was filed with this court. On December 3, 2003, this court reversed the judgment of the district court and remanded the petition for consideration on the merits. *Granger v. Hurt*, 90 Fed. Appx. 97 (6th Cir. 2004).

Upon remand, the Magistrate issued a Report and Recommendation for the district court on the merits of the habeas petition, to which Appellant filed objections. The district court issued an order adopting the Report and Recommendation as its own, restating Appellant's objections and finding no merit to those objections after a *de novo* review based on the reasons discussed in the Report and Recommendation.

The Magistrate, in his Report and Recommendation, found that the state appellate court made a specific finding that Appellant had not presented any evidence that he had asked his trial counsel to appeal. This factual finding, the Magistrate concluded, is afforded a presumption of correctness under § 2254. The Magistrate also concluded the following: (1) that there was no indication that anyone, either Appellant or his family, requested counsel to file an appeal; (2) that Appellant had not reasonably demonstrated to counsel that he was interesting in appealing; and (3) that there was no basis upon which to contend that counsel should have concluded that as a rational defendant,

appellant would want to appeal. Appellant offered no additional facts in support of his contention that he believed an appeal was pending or that his counsel was supposed to process Appellant's Notice of Appeal. The Magistrate also noted that there was no indication that Appellant was prevented from contacting his counsel to request that an appeal be filed within the statutory period of time. The Magistrate stated that even though Appellant received consecutive sentences, he had not identified any non-frivolous issues for appeal.

Appellant filed a Notice of Appeal from the district court's judgment and adoption of the Report and Recommendation on February 23, 2005. Appellant requested that the district court certify the following issues for appeal:

> **Issue One**: Did trial counsel's failure to consult with Granger to ascertain whether Granger wanted to appeal the jury verdict and the consecutive sentences imposed by the state trial court deny Granger effective assistance of counsel?
> . . .
> **Issue Two**: Whether Granger was denied his right to appeal after he complied with the applicable Ohio appellate rule to request a delayed appeal?

(JA at 136-137). The district court certified only the first issue for appeal. However, this court certified the remaining issue for appeal. The district court issued its final order on January 25, 2005, disposing of Appellant's claims on his habeas petition. Appellant filed his Notice of Appeal on February 23, 2005. This court has jurisdiction over the action pursuant to 28 U.S.C. § 2253(a).

It is noted that Appellant was released at the end of his required incarceration and is currently

No. 05-3275
*Granger v. Hurt*

serving the sentence of five years post-release control under the supervision of the Ohio Adult Parole

Authority.

**STANDARD OF REVIEW**

The review of a denial of a writ of habeas corpus is *de novo*. *Harpster v. Ohio*, 128 F.3d 322,

326 (6th Cir. 1997); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000). Additionally, any factual

findings made by the district court without the benefit of an evidentiary hearing are also reviewed

*de novo*. *Northrop v. Trippett*, 265 F.3d 372, 377 (6th Cir. 2001).

Because the habeas petition in this action was filed after the Antiterrorism and Effective

Death Penalty Act (AEDPA) took effect, the provisions of that Act apply. *Ford v. Curtis*, 277 F.3d

806, 808 (6th Cir. 2002). The AEDPA states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the Supreme
> > Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of
> > the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

The "contrary to" clause allows the granting of the habeas petition if the state court makes

a conclusion opposite that reached by the Supreme Court on a similar question of law or facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). The "unreasonable application" clause allows the granting of the writ if "the state court identifies the correct governing legal principle" from Supreme Court decisions "but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

Ordinarily, if a state court does not articulate its reasoning for ruling, the federal court must conduct an independent review of the record to determine whether the state court decision is contrary to the dictates of 28 U.S.C. § 2254. *Harris*, 212 F.3d at 943. However, if the state court decision is void of any results or reasoning that would allow a reviewing court to determine whether its decision was contrary to or involved an unreasonable application of Supreme Court precedent, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented, then this court exercises its independent judgment and reviews the claim *de novo*. *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

One of the issues presented in this appeal is whether trial counsel was ineffective for failing to consult with Appellant regarding an appeal. The question of whether an individual has been denied his right to effective assistance of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). The state court's finding on this issue is not binding on a federal court to the extent stated in § 2254(d) but is subject to deference under that statute. *Id.*

Under *Strickland*, a defendant must show (1) that his counsel's performance fell below an

objective standard of reasonableness, and (2) that his deficient performance caused the defendant to be prejudiced.  *Id.* at 688.

## DISCUSSION

As stated above, Appellant requests us to reverse the lower court's dismissal of his habeas petition and find that he was denied effective assistance of counsel or that he was denied his right to appeal.   Appellee argues that the ineffective assistance of counsel claim has not been fairly presented to the state court and thus has not been exhausted.  Appellee alternatively argues that if this court finds that the issue has been properly exhausted and conducts a *Strickland* analysis, it should only afford deference to the state appellate court's ruling on the performance prong.  Appellee asserts that the prejudice prong, however, should be reviewed *de novo* because it was never addressed by the state appellate court. *See Wiggins v. Smith*, 539 U.S. 510, 527-528 (2003).  Finally, Appellee argues that Appellant's claim that he was denied his right to appeal was not addressed on the merits by the Ohio Supreme Court, this court should also do a *de novo* review of that claim.

It is first necessary to discuss exhaustion.  If one issue remains unexhausted, the petition should be dismissed to allow the state courts the ability to rule on the merits of the issue.  *Rose v. Lundy,* 455 U.S. 509, 515-20 (1982).

I. Exhaustion Requirement

Appellee claims that in addition to the fact that the ineffective assistance of counsel claim was not presented to the state appellate courts and thus has not been exhausted, there remains a remedy in the state courts because Appellant could file a second motion for a delayed appeal. Appellant responds to this argument by claiming that Appellee waived this defense in his answer filed in the district court.

The exhaustion defense can be waived only if the state expressly does so. *See* 28 U.S.C. § 2254(b)(3). The Return of Writ filed by Appellee with the district court states the following:

> Pursuant to the decision of the Sixth Circuit, Granger's petition for writ of habeas corpus must be considered timely filed. The Warden, however, does not waive his objection to the timeliness of Granger's petition. The Warden maintains his position that *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003), *petition for cert. filed,* (U.S. Feb. 2, 2004)(Case No. 03-1079), was wrongly decided and that Granger's petition for writ of habeas corpus is barred by the one-year statute of limitations imposed by the AEDPA. Granger's claims are otherwise exhausted and preserved for federal review.

(JA at 50) Although it appears that Appellee has waived the exhaustion defense on all of Appellant's claims, the issue of whether counsel was ineffective for failing to *consult* with Appellant regarding an appeal was not raised in the Motion to File a Delayed Appeal with the first state appellate court to review the case[1] and was not raised as a proposition of law before the Ohio Supreme Court,[2] but

---

[1] The issue raised before the first state appellate court in the Motion to File a Delayed Appeal was whether trial counsel was ineffective for failing to *timely file an appeal.* (JA at 73) In that Motion, Appellant argued that his attorney failed to file an appeal even though specifically requested to do so. (JA at 63) (stating, "Defendant requested his retained Trial-Attorney, Samuel B. Weiner, to file a Notice of Appeal in his behalf. Defendant was under the impression that this had been done and his appeal was pending until recently learning otherwise.") The appellate court found Appellee's assertion without merit due to the letter to Appellant by his attorney. (JA at 73)

[2] The proposition of law stated for jurisdiction before the Ohio Supreme Court was whether, "The defendant's right to the effective assistance of counsel guaranteed under Article I, section[s] 10 and 16 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution is denied when trial counsel fails to *file a timely appeal.*"

appears to have been first raised in the memorandum before that court. Additionally, this basis is not asserted as one of the grounds for relief in the petition for habeas corpus or in the facts stated in support of those grounds, but is found in the memorandum in support of the petition. The issue raised before the district court was whether Appellant was denied effective assistance of counsel due to trial counsel's failure *to perfect a timely appeal*. (JA at 9)

The issue raised and argued before the state appellate courts, whether Appellant was denied effective assistance of counsel due to his trial attorney's failure to file the appeal after being asked to do so, was apparently abandoned by Appellant at the state level. As noted above, Appellant did not raise this issue before the district court.

Under § 2254, a state prisoner must first exhaust his state court remedies in order to seek federal habeas relief. 28 U.S.C. § 2254(b). In order for a claim to be exhausted, the state appellate court must be given the opportunity to rule on both the factual and legal basis of the claim. *Hannah v. Conley,* 49 F.3d 1193, 1196 (6th Cir. 1995) (quoting *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion doctrine requires that claims be "fairly presented" to the state appellate courts. *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Lyons v. Stovall,* 188 F.3d 327, 331 (6th Cir. 1999). However, in order to be fairly presented to the state courts, a claim cannot have been brought for the first time before the state's highest court on discretionary review as was done here.

---

(JA at 75) (Emphasis added.) The attached memorandum, however, appears to raise the failure to consult issue for the first time when Appellant states, "By *failing to clarify whether his client wished to pursue his appeal* and by failing to file a notice of appeal, trial counsel's performance was defective and prejudiced Mr. Granger's ability to obtain an appeal as of right." (JA at 81) (Emphasis added.)

*Castille v. Peoples,* 489 U.S. 346, 351 (1989). Because the issue was raised for the first time before the state's Supreme Court on discretionary review, the issue of ineffectiveness for failing to consult with Appellant to determine whether he wished to appeal remains unexhausted. If Appellant is now barred from making those claims with the state courts, a federal court should not dismiss the writ for lack of jurisdiction but should require him to show cause to excuse and actual prejudice. *Hannah,* 49 F.3d at 1196 (citing to *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991)).

Additionally, as argued by Appellee, because the issue has not been raised in the state appellate courts, Appellant could file a second motion for delayed appeal, providing his additional reason for failing to file a timely direct appeal. However, as stated above, if one claim remains unexhausted in a habeas petition and no exception applies, the petition for habeas corpus must be dismissed for lack of exhaustion if there remains a remedy in the state courts for the petitioner. *Hannah,* 49 F.3d at 1195. Therefore, we ordinarily would dismiss the petition for failure to exhaust.

The Supreme Court has held that the exhaustion requirement, however, is not jurisdictional, and that a court "should determine whether the interests of comity and federalism will be better served by addressing the merits [of an unexhausted claim] forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits" of the claim. *Granberry v. Greer,* 481 U.S. 129, 134 (1987). In this case, it is likely that the state appellate court will not take well to a claim contrary to the original one made before it. As stated previously in the Motion to File a Delayed Appeal, Appellant claimed that he expressly requested that his counsel file an appeal for him and was not aware that one was not pending until receiving counsel's letter. Therefore, if

Appellant were to file a second motion for leave to file a delayed appeal, he would be making an assertion that counsel never consulted with him about filing an appeal which would be in direct contradiction to the claim previously made. Because the motion would lack credibility, it is unlikely that it would be granted. For this reason, we conclude that the interests of comity and federalism would be best served to rule on the merits rather than dismiss for failure to exhaust.

II.  Ineffective Assistance of Counsel for Failure to Consult

Appellant contends that his trial counsel was ineffective for failing to consult with him about whether he desired to file a direct appeal. Under the Sixth Amendment to the Constitution, criminal defendants have the right to effective assistance of counsel. *Strickland,* 466 U.S. at 685-86. In an ineffective assistance of counsel claim, a defendant must show that his counsel's performance was deficient and that it prejudiced his defense. *Id.* at 687. Deficiency can be found when counsel's performance was objectively unreasonable under the circumstances. *Id.* at 688. Prejudice can be found if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The term "reasonable probability," when dealing with ineffective assistance of counsel claims, means that there is "a probability sufficient to undermine confidence in the outcome." *Id.* Additionally, in order to grant a writ of habeas corpus, the state court's application of *Strickland* must be objectively unreasonable. 28 U.S.C. § 2254(d).

As stated above, the issue of whether counsel was ineffective for failing to consult with Appellant on whether a direct appeal should be taken was not fairly presented before the state courts.

Therefore, this court must perform a *de novo* review of the claim. *Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir. 2003).

In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Supreme Court held that there is a "constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. This requires consideration of all information the attorney knew or should have known at the time. *Id.* The Supreme Court stated that relevant to this inquiry is whether there was a trial or a guilty plea. *Id.* The Court, however, failed to adopt a *per se* rule that counsel is always ineffective for failing to consult with a defendant regarding an appeal. *Id.* at 481. The Court looked to those situations where "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information." *Id.* at 479-80.

The district court found that there was no evidence that Appellant "reasonably demonstrated to counsel that he was interested in appealing" or that "counsel should have concluded that 'a rational defendant would want to appeal' in this case." (JA at 117) It is unlikely that this finding would be considered clearly erroneous, as the letters presented by Appellant demonstrate that it was never expressed to his trial attorney, by either Appellant or his family, that Appellant desired an appeal to be filed. Additionally, Appellant's argument that a rational defendant would want to

appeal in this case is based only on the fact that he went to trial rather than enter into a plea agreement and the fact that he received consecutive sentences for two of the three crimes of which he was convicted.

Appellant's own actions suggest that the imposition of consecutive sentences does not necessarily implicate a basis for appeal. Afterall, he did not file his Motion for Leave to File a Delayed Appeal based on receiving consecutive sentences, as allowed under the Ohio Revised Code and Appellate Rule 5. Ohio Rev. Code § 2953.08(C); Ohio App. R. 5(D)(1). Therefore, the only basis remaining is that Appellant had a trial in the case. Appellant has not even argued that errors were made during the trial. Without more, this court is unlikely to find that a rational defendant would have wanted an appeal. Additionally, the district court found that Appellant had presented no evidence that there were nonfrivolous grounds for appeal. (JA at 117)

We also note that there is no dispute that Appellant informed by the trial court that he had a right to appeal and that he could do so without costs and with appointed counsel. The term "consult" is defined by the Supreme Court to entail, "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Roe,* 528 U.S. at 478. Unfortunately, this court has no record before it of the sentencing proceedings and, therefore, cannot confirm whether the trial court itself fulfilled this obligation. However, the letter Appellant sent to his trial counsel on July 27, 1999, clearly states that Appellant knew that he was "entitled to an appeal as a matter of right." (JA at 68) It is also worthy to note that the district court found that Appellant, unlike the petitioner in *Roe*, was not in a position at the

institution where he could not file a direct appeal. (JA at 117-18)

Under *Roe*, the inquiry is what the attorney knew or should have known at the time. In this instance, neither Appellant nor his family had directly expressed a desire to have an appeal filed by trial counsel. In the absence of proof to the contrary, we may assume that Appellant had been informed by the trial court of his rights to appeal, knew that he was entitled to an appeal as a matter of right, knew that he was entitled to file such without costs and with appointed counsel, and was not in a position to be prevented from filing an appeal within the statutory time allotted. Based on this record, we conclude that Appellant has failed to show that his counsel's representation fell below an objective standard of reasonableness. It is therefore not necessary to address the second prong under *Strickland.*

But even if we were to undertake an analysis of this second prong, the inquiry on denial of the right to obtain a direct appeal is whether "counsel's deficient performance . . . actually cause[d] the forfeiture of the defendant's appeal." *Roe,* 528 U.S. at 484. The Supreme Court did state that if the appealing defendant "cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Id.* In order to make such a showing, Appellant must "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.*

This standard looks to whether Appellant presented any evidence of a nonfrivolous issue for

appeal. *Id.* at 485-86 (stating, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will be highly relevant in making this determination"). The district court found that there were no nonfrivolous issues raised by Appellant as proper grounds for appeal. Appellant argues that he has identified nonfrivolous grounds for appeal because, at minimum, he received consecutive sentences. However, receiving consecutive sentences, at the time Appellant's sentence was imposed, was not a violation of Ohio law and was strictly controlled by statute. Ohio Rev. Code § 2929.14(E)(4), *invalidated by State v. Foster,* 845 N.E.2d 470 (Ohio 2006). Appellant has, therefore, failed to set forth evidence or argument that the trial court's imposition of consecutive sentences violated Ohio's sentencing statutes. Additionally, the mere fact that Appellant had a trial in the case does not direct the court to any errors that may have occurred during the trial. Without more, we are unable to find prejudice under a *Strickland* analysis and conclude that Appellant's first ground for appeal is without merit.

III.  Denial of Due Process Rights for Failing to Grant Motion for Delayed Appeal

Appellant's second ground for relief is that he was denied his right to receive a delayed appeal despite complying with the requirements of Ohio App. R. 5. The Supreme Court has held that there is no requirement that a state afford an appeal. *Griffin v. Illinois,* 351 U.S. 12, 18 (1956). The State of Ohio, however, has integrated appellate courts into its criminal justice system. "[I]f a State has created appellate courts as an integral part of the system for finally adjudicating the guilt or innocence of a defendant, the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey,* 469 U.S. 387,

393 (1985) (internal citation omitted).

The rule at issue, Ohio App. R. 5, states in pertinent part, "A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. . . ." Appellant argues that because he filed the Motion with the court of appeals and set forth the reason for his failure, he should have been granted leave and failure to do so violated his right to due process. He additionally states that there is no good cause requirement under the statute. However, similar to Ohio Rev. Code. § 2953.05, under Rule 5(A) "where there has not been a timely appeal as a matter of right, appeal may be had only by leave of court for good cause shown." *Keener v. Ridenour,* 594 F.2d 581, 585 (6th Cir. 1979). Additionally, this court has previously read into Rule 5 an implied requirement of good cause in *Dietz v. Money,* 391 F.3d 804 (6th Cir. 2004). In *Dietz,* it was held that "[t]he decision to grant or deny a motion for leave to appeal pursuant to rule 5(A) is therefore solely within the discretion of the appellate court." *Id.* at 811. It was for that reason that Ohio App. R. 5 was found to not be "firmly established and regularly followed." *Id.* (internal quotations omitted).

If a criminal defendant were automatically granted leave to appeal by merely filing the proper motion and setting forth any reason, "state court judgments would never attain finality because they would always be subject to reconsideration on a motion for a delayed appeal." *Cf. Wheeler v. Jones,* 226 F.3d 656, 660 (6th Cir. 2000). Based on the above, we conclude that Appellant's second ground for relief is not well-taken.

**CONCLUSION**

Based on the above, we hold that Appellant has failed to exhaust the issue of whether counsel was ineffective for failing to consult with him regarding an appeal. However, in the interest of comity and federalism, we have reviewed the claim on its merits. When looking to the merits of Appellant's claims, we conclude that the first ground for relief fails to satisfy either prong of *Strickland* to establish ineffective assistance of counsel. Further, Appellant's second ground is also without merit because it fails to meet the good cause requirement under Ohio App. R. 5. Therefore, we **AFFIRM** the judgment of the district court denying Appellant's petition for writ of habeas corpus.