NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0884n.06

No. 09-6137

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 10, 2012*

LEONARD GREEN, Clerk

LEONARD CATALANO,                              )
                                               )
            Petitioner-Appellant,              )
                                               )     ON APPEAL FROM THE UNITED
v.                                             )     STATES DISTRICT COURT FOR THE
                                               )     MIDDLE DISTRICT OF TENNESSEE
ROLAND COLSON, Warden                          )
                                               )
            Respondent-Appellee.               )

Before:  CLAY and KETHLEDGE, Circuit Judges, DOW, District Judge.[*]

DOW, District Judge.  Petitioner Leonard Catalano entered a guilty plea to three aggravated sexual batteries upon three young girls–his daughter, his "step-granddaughter," and one of his daughter's close friends–and received a sentence of 32 years.  On direct appeal, the Tennessee Court of Criminal Appeals affirmed his sentence and the Tennessee Supreme Court denied his application to appeal.  Petitioner's subsequent state post-conviction petition–asserting that his guilty plea was unknowing and involuntary due to ineffective assistance of counsel–was unsuccessful.  Catalano then sought a writ of habeas corpus in federal court under 28 U.S.C. § 2254, asserting three grounds for relief.  The district court denied Catalano's petition, but certified for appeal one of Catalano's three claims of ineffective assistance of counsel.  This Court subsequently expanded the certificate of appealability to include two claims.  We now affirm the judgment of the district court.

---

[*]The Honorable Robert M. Dow Jr., United States District Judge for the Northern District of Illinois, sitting by designation.

I.

We review *de novo* the district court's denial of a petition for a writ of habeas corpus. *Tibbetts v. Bradshaw,* 633 F.3d 436, 441 (6th Cir. 2011). A prisoner is not entitled to habeas relief if he has procedurally defaulted a claim (absent good cause) or if the state court has adjudicated his claim on the merits and the state court's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See Thomas v. Bell,* 580 F.3d 423, 437 (6th Cir. 2009). Because Catalano filed this case after April 29, 1996, the case is subject to the terms of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., Williams v. Taylor*, 529 U.S. 362 (2000).

A federal habeas petitioner seeking relief from state imprisonment must first exhaust state court remedies. 28 U.S.C. § 2254(b)(1). To comply with the exhaustion doctrine, the petitioner must fairly present the "substance" of his federal habeas claim to the state courts so that the state judiciary has the first opportunity to hear the claim. *Lyons v. Stovall,* 188 F.3d 327, 331 (6th Cir. 1999). The petitioner must present both the factual and the legal bases of the claim. *Hicks v. Straub,* 377 F.3d 538, 552 (6th Cir. 2004). In other words, a petitioner must present "the same claim under the same theory" to the state court. *Id.* at 552 (citation and internal quotation marks omitted); *see also Gross v. Warden, Lebanon Correctional Institution*, 426 F. App'x 349, 355 (6th Cir. 2011). It is not sufficient that all the facts necessary to support the federal claim were before the court or that the petitioner made a "somewhat similar" state-law claim. *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam) (citing *Picard v. Connor,* 404 U.S. 270, 276–77 (1971)).

If a petitioner fails to exhaust his claims, but still has an avenue open by which to do so, his petition is subject to dismissal for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

If the petitioner no longer may present his claims to a state court because of a procedural default, the petitioner also has forfeited the claims for purposes of federal habeas review absent a showing of "cause" and "prejudice." *McMeans v. Brigano,* 228 F.3d 674, 680 (6th Cir. 2000). The existence of cause "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded [the defense's] efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). For example, a petitioner may demonstrate cause by showing that "the factual or legal basis for a claim was not reasonably available" or that there was "some interference by officials." *Id.* (citations omitted). To demonstrate prejudice, "[t]he habeas petitioner must show not merely that the errors at trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (emphasis in original) (alterations, citation, and internal quotation marks omitted).

A petitioner can procedurally default a claim in two ways. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006). First, he may fail "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* Second, a petitioner may default by failing "to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Thompson,* 580 F.3d at 437 (internal citations and quotation marks omitted); *see also Deitz v. Money,* 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]").

3

## II.

### A.

Petitioner Catalano first argues that his trial counsel was ineffective because counsel failed to inform him prior to his guilty plea that sexual gratification was an element of the offense of aggravated sexual battery. Respondent Ricky Bell contends that Catalano procedurally defaulted this claim. The district court addressed this claim briefly, finding that Catalano failed to present the claim to the state courts and therefore it was unexhausted. The district court did not make a finding that the claim was procedurally defaulted.

Turning first to the issue of procedural default, Petitioner does not presently have an available state remedy for the litigation of his first claim. Tennessee's Post-Conviction Procedure Act permits only one post-conviction petition, and Catalano already has litigated one such petition. Tenn. Code Ann. § 40-30-102(c) (2006). He has not articulated a ground for reopening it (*see id.* Tenn. Code Ann. § 40-30-117), and he is barred by the statute of limitations from filing a second petition (*see* Tenn. Code Ann. § 40-30-102(a)). Therefore, if his first claim is unexhausted, it has been procedurally defaulted. *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009). "While in such situations the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, . . . the petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal review." *Id.* (citations omitted).

Petitioner attempts to avoid procedural default by arguing that his first claim was covered by his claim in state court, that his plea was unknowing and involuntary, and that counsel had failed to give him enough information to fully evaluate his options. We considered a similar argument in

4

*Gross*, 426 F. App'x at 356-57, where the habeas petitioner claimed two instances of juror misconduct before the Ohio courts, but failed to discuss a third instance of juror misconduct in his appellate brief. Although the third instance had been raised in a motion for new trial, this Court determined that the petitioner's passing reference to the motion for new trial in his state court appeal did not sufficiently raise the issue. In concluding that the claim had been procedurally defaulted, we explained:

> The Supreme Court has held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find such material." *Baldwin* [*v. Reese*]*,* 541 U.S. [27] at 32 [(2004)]. Further, "the exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record." *Martens v. Shanon,* 836 F.2d 715, 717 (1st Cir. 1988). Rather, the petitioner must present the ground relied upon "face-up and squarely; the federal question must be plainly defined." *Id.*; *McNair v. Campbell,* 416 F.3d 1291, 1303 (11th Cir. 2005) (citing *Martens*); *Mallory v. Smith,* 27 F.3d 991, 995 (4th Cir. 1994) (same).

*Gross*, 426 F. App'x at 357.

In his post-conviction petition in state court, Catalano alleged (in support of his involuntary plea claim) that counsel "failed to discuss the case or advise [the petitioner] of what steps were being taken and what investigations were being done[.]" Catalano argued that counsel never discussed the legal aspects or consequences of the case and that he never gave straight answers to Catalano's questions. He further alleged that counsel never apprised him of the tactics and strategies to be employed in his defense and that he was never told of the minimum and maximum penalties of the offense until the day of sentencing and that counsel never advised him of any available defenses.

As grounds for his claim of ineffective assistance, Catalano maintained that counsel never mentioned that he was a real estate attorney with no experience in criminal law. Catalano also

5

claimed that counsel never discussed the case with him, never advised him of his rights, and failed to conduct any investigations to determine appropriate defenses. Catalano further asserted that counsel failed to interview any of the witnesses for the State or the defense and failed to properly prepare for trial.

Significantly for present purposes, Catalano did not allege that counsel failed to explain the elements of the offense with which he was charged. In his amended petition for post-conviction relief, Catalano repeated his allegations, but again did not allege that counsel failed to explain the elements of aggravated sexual battery. At the post-conviction relief hearing, Catalano testified about the performance of trial counsel and acknowledged that trial counsel discussed the indictment with him. But Catalano never alleged that counsel failed to explain the elements of the offense with which he was charged. Nor was trial counsel asked whether he advised Catalano about sexual gratification as an element of aggravated sexual battery.

After the post-conviction court denied relief, Catalano filed an appeal in the Tennessee Court of Criminal Appeals. Although Catalano raised ineffective assistance of counsel at that time, he still did not raise a specific claim that counsel failed to apprise him that sexual gratification is an element of aggravated sexual battery. Indeed, as the district court correctly noted, not only did Catalano fail to raise this claim before the state courts, but he also failed to raise the specific allegation regarding the sexual gratification element in his original or amended petition for writ of habeas corpus in the district court. That specific claim appeared for the first time in Catalano's response to Respondent's

motion to dismiss, filed on April 10, 2007, more than five and a half years after Catalano entered his guilty plea to the three counts of aggravated sexual battery.[1]

Petitioner's current claim rests on a theory which is distinct from the ones previously considered and rejected in state court. Raising a general challenge to trial counsel's effectiveness or the voluntariness of his plea did not fairly present this issue to the state courts, and thus Catalano did not give any of the state courts the opportunity to review this particular claim. He gave the state courts many examples of his counsel's alleged ineffectiveness and why he believed his plea was involuntary, but he failed to present the specific argument on which he now relies until much later. His argument therefore comes too late. *See also Wong v. Money*, 142 F.3d 313, 321-22 (6th Cir. 1998) (finding ineffective assistance of counsel claim procedurally defaulted where petitioner advanced a new theory in federal court which was distinct from the theory considered and rejected in state court); *Pillette v. Foltz*, 824 F.2d 494, 497-98 (6th Cir. 1987) (holding that the petitioner failed to exhaust state court remedies for ineffective assistance of counsel claims where state courts were presented with only one aspect of petitioner's attorney's performance, but not the aspect raised in federal habeas review). In sum, because Catalano never properly presented this claim to the state courts, the claim is procedurally defaulted. And because Catalano does not even attempt to show cause for his default, it therefore is unexcused. *See Awkal v. Mitchell,* 613 F.3d 629, 646 (6th Cir. 2010) (en banc).

---

[1] Petitioner's amended federal petition stated that "Allison failed to explain to Catalano the elements of the offense to which he was pleading, and failed to tell him the consequences of his plea by failing to adequately explain his sentencing exposure. Thus, Catalano received ineffective assistance of counsel and was prejudiced by entering a plea that was not knowing and voluntary." Am. Pet. at 18-19. While Catalano's amended petition asserted a general challenge to trial counsel's failure to explain the elements to him, Petitioner presented a specific argument regarding the "sexual gratification" element for the first time in response to Respondent's motion to dismiss.

Petitioner's contention that his first claim avoids procedural default because the state post-conviction appellate court "actually identified the gist of the claim and passed judgment on it, thereby satisfying the concerns of federal-state comity" (Pet. Br. at 39-40) is unavailing. According to Petitioner, he raised the claim by pointing out "trial counsel's failure to adequately communicate with him," and the Tennessee Court of Criminal Appeals addressed that claim in rejecting Petitioner's assertion that his plea was "unknowing" because, due to Allison's errors, he was unable to "fully evaluate potential trial/settlement options." (Pet. Br. at 38-39 (quoting *Catalano v. State*, 2006 WL 12770, at *8)). The relevant portion of the opinion states:

> The transcript from the plea hearing herein reveals that the trial court carefully and correctly informed the petitioner regarding his constitutional rights, and specifically asked if he understood that he was waiving those rights by pleading guilty. The petitioner responded in the affirmative. Further, he stated that he understood the plea agreement and the significance of the guilty plea hearing, and was entering his guilty plea voluntarily. The petitioner also acknowledged that he was satisfied with counsel's representation. Accordingly, we determine that the petitioner's guilty plea was knowing and voluntary.
>
> The petitioner claims that trial counsel was ineffective because he failed to effectively communicate with the petitioner. Specifically, the petitioner contends that trial counsel "did not fully interview and investigate [the petitioner's] witnesses," and did not "fully explain what was going on in the case to [the petitioner] which resulted [in an] unknowing and involuntary guilty plea" because the petitioner was unable to "fully evaluate potential trial/settlement options." We have already determined that the petitioner's guilty plea was knowing and voluntary. Furthermore, the record does not preponderate against the finding that trial counsel was effective. Explicit in the post-conviction court's findings and conclusions was that the court accredited the testimony of trial counsel rather than that of the petitioner. As stated previously, credibility determinations are entrusted to the trial court. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). The post-conviction court accepted as true the testimony of trial counsel concerning the circumstances of the plea and the conversations leading up to that decision, including the fact that trial counsel met with the petitioner and discussed not only the discovery materials, but the plea offer and the ramifications of pleading guilty. The record not only supports the determination of the post-conviction court, but the petitioner has also failed to establish that he suffered any prejudice as a result of trial counsel's representation and failed to show that there was a reasonable

8

probability that but for trial counsel's errors he would not have pleaded guilty and would have gone to trial. This issue is without merit.

*Catalano*, 2006 WL 12770, at *8. Unfortunately for Petitioner, there simply is no way to tease out of that opinion any hint that the court identified or passed judgment on even the "gist" of the claim that Petitioner now asserts. The opinion does not even mention the elements of any charge against Petitioner, much less the specific element of the specific charge that Petitioner now claims counsel neglected to discuss with him prior to his guilty plea. Thus, even if Petitioner is correct in asserting that the arguments in Respondent's brief do not refute Petitioner's contention that the state courts addressed the substance of his first claim, that contention stands refuted by the state court decision itself.

### B.

Petitioner next argues that trial counsel was ineffective for failing "to present important mitigating testimony at Catalano's sentencing." Specifically, Petitioner contends that trial counsel should have called his ex-wife and daughters as witnesses. The district court concluded that Petitioner failed to prove prejudice as a result of trial counsel's failure to call these witnesses.

Before delving into the required analysis under *Strickland v. Washington*, 466 U.S. 668 (1984), however, we pause to take up an issue addressed by Petitioner in his reply brief relating to the applicability of the Supreme Court's holding in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), that federal habeas review of state court proceedings is limited to the record before the state court. *Cullen* comes into play because the district court held an evidentiary hearing in which it received evidence beyond that contained in the state court record. Notwithstanding the Supreme Court's subsequent ruling in *Cullen*, Petitioner suggests that this Court may consider the newly developed evidence

9

elicited in the district court because the state court factual record was not only incomplete, but "contained a stark falsehood." We need not–and therefore do not–address whether *Cullen* bars consideration of the additional evidence taken by the district court because Petitioner cannot satisfy the "prejudice" prong of the *Strickland* test regardless of whether the record is confined to the state court proceedings or expanded to include the additional federal court testimony.

Turning back to the *Strickland* test, we note first the familiar two prongs of the analysis: ineffectiveness and prejudice. *See*, *e.g.*, *Williams v. Anderson*, 460 F.3d 789, 800 (6th Cir. 2006) ("Counsel is ineffective if his or her conduct falls below an objective standard of reasonableness and causes the petitioner prejudice.") (citing *Strickland*, 466 U.S. at 688). As Petitioner points out, the state court decisions complicate the "ineffectiveness" analysis, which may explain why the district court skipped ahead to the issue of "prejudice" in disposing of Petitioner's claim. In particular, we note that the state post-conviction trial court's observation that "no witnesses testified on behalf of the petitioner" at his sentencing hearing overlooks the fact that two witnesses did in fact present testimony on Petitioner's behalf. We also agree with Petitioner's suggestion that the state post-conviction appellate court's discussion of the legal basis for its disposition of Petitioner's claim of ineffective assistance at sentencing was rather cryptic. Nevertheless, even if we were to assume that (1) Petitioner's trial counsel should have called Petitioner's ex-wife and daughters to testify at Petitioner's sentencing, (2) they would have given the same testimony that they gave in the district court, (3) despite *Cullen*, we may consider that testimony, and (4) counsel was ineffective for failing to call those witnesses, Petitioner's claim to relief still founders because he cannot show "prejudice."

Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S.

10

at 694. Petitioner's proof must establish "[a] reasonable probability [that] is a probability sufficient to undermine confidence in the outcome." *Id.* Here, given the state courts' description of the offenses to which Petitioner entered a guilty plea–offenses that occurred with young girls who were 4 to 5 years of age–and the nature of Petitioner's conduct in committing those offenses, we agree with the district court's assessment that, "in all probability, the daughters' and ex-wife's testimony would not have altered the trial court's decision." The state courts considered the girls' ages, the custodial-trust relationship between Catalano and his victims, and the "great personal injuries upon the victims" (*see Catalano,* 2003 WL 21877933, at *5) as warranting Petitioner's consecutive sentences. In these circumstances, we agree with the district court's assessment that Petitioner's prior behavior as a "wonderful father and husband" would not have persuaded the trial court to take a more lenient view of his grossly offensive, inappropriate, and unlawful conduct toward his youngest daughter, his "step-granddaughter," and his daughter's friend, who were entrusted to his care and repeatedly abused.

Petitioner argues that a slight difference in sentence can show prejudice under *Strickland. See Glover v. United States,* 531 U.S. 198, 203 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."). According to Petitioner, if the sentencing judge had heard the testimony of his ex-wife and daughters, he would not have found Petitioner eligible for consecutive sentencing and his sentence would have been at least 20 years shorter. In support of this argument, Petitioner cites *State v. Hayes,* 899 S.W.2d 175 (Tenn. Crim. App. 1995), in which the defendant was convicted of two isolated instances of (i) french kissing his daughter and (ii) touching her breast while rubbing her back. The trial court

11

imposed consecutive sentences for the two separate incidents of aggravated sexual battery, but the appellate court reduced his sentence from consecutive terms to concurrent terms on appeal.

Petitioner's reliance on *Hayes* is misplaced, because this case presents far more egregious conduct underlying the offenses of conviction. Unlike the defendant in *Hayes*, Petitioner abused all of his victims, each substantially younger than the victim in *Hayes*, for more than a year, while acting as the girls' caretaker. Furthermore, the nature and scope of his sexual acts far exceeded those in *Hayes* and involved sexual games as well as direct sexual acts. The games included mock beatings, masturbation, voyeurism, and exhibitionism. Petitioner touched all three of the victims' vaginal areas with his hand and also acknowledged oral vaginal contact with his daughter and step-granddaughter. Based on these factors, the more factually comparable state sentencing decisions were cited by the Tennessee appellate court (*see Catalano*, 2003 WL 21877933 at *3-5). *Hayes* provides little guidance for us and no assistance to Petitioner here in establishing "prejudice" under the second prong of *Strickland*.

In sum, we affirm the judgment of the district court; Petitioner's first claim is procedurally defaulted and his second claim fails to satisfy the "prejudice" requirement under *Strickland*.